IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

      **Plaintiff,**

      v.                                                                  **CASE NO. 25-3192-JWL**

JEFF ZMUDA, et al.,

      **Defendants.**

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Joshua Jensen is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he is bringing a class action based on diversity of citizenship. (Doc. 1, at 1.) Plaintiff's claims are based on the lack of tablets for inmates at LCF. Plaintiff's purported class consists of all current and former LCF inmates. *Id*. at 2.

Plaintiff claims that the Kansas Department of Corrections ("KDOC") is required by regulation to provide tablets for all inmates, citing IMPP 10-142. *Id*. at 6. Plaintiff alleges that inmates entering LCF are put on a four-month waiting list to receive a tablet. *Id*. Plaintiff alleges that the tablets are the inmates' only chance to learn and rehabilitate. *Id*.

Plaintiff names as defendants the KDOC and Jeff Zmuda, Secretary of Corrections. For relief, Plaintiff seeks "$150 per day." *Id*.

1

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### 1. Failure to Allege a Constitutional Violation

Plaintiff takes issue with the waiting list for a tablet at LCF. He does not indicate whether

3

or not he has received a tablet. He claims that this is a class action. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

Even if Plaintiff is on the waiting list and has not received a tablet, he has not established a constitutional right to a tablet. In *Bass v. Battle*, when the prisoner returned his tablet and sought a replacement tablet, he was told that he was on the waiting list and that there were no replacement devices available. *Bass v. Battle*, 2025 WL 1168896, at *1 (N.D. Ind. 2025). The plaintiff in *Bass* argued that he was entitled to a tablet "because he paid for one and pursuant to departmental policy that makes tablet devices available to all inmates." *Id*. The court held that a "violation of

4

departmental policy alone is not sufficient to state a constitutional claim." *Id*. (citing *Felton v. Brown*, 129 F.4th 999, 1088 (7th Cir. 2025) ("Violations of state law, however, do not automatically establish a federal constitutional claim.")); *see also Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation).

In denying relief, the court in *Bass* stated that "[t]he court is unaware of any constitutional right to a tablet device." *Id*. Other courts have also found that "[i]tems such as radios, televisions, and video games are luxuries and, as such, are not required by the Constitution." *Drennon v. Idaho Bd. of Corr.*, 2025 WL 1359870, at *7 (D. Idaho 2025) (citing *see, e.g., James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); *Murphy v. Walker*, 51 F.3d 714, 718, n. 8 (7th Cir. 1995) (per curiam) (same); *Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir. 1988) (same); *Montana v. Commissioners Court*, 659 F.2d 19, 23 (5th Cir. 1981) ("The claims relating to the usage of radio and television were properly dismissed as frivolous. These claims do not pertain to federal constitutional rights."); *Manley v. Fordice*, 945 F. Supp. 132, 136–37 (D. Miss. 1996) ("[T]here is simply no right to television while incarcerated . . . [S]uch items are *luxuries*, and any allowance of them in prisons is merely an altruistic act on the part of the Department of Corrections."); *see also Rawls v. Sundquist*, 929 F. Supp. 284, 291 (M.D. Tenn. 1996), *aff'd*, 113 F.3d 1235 (6th Cir. 1997) (no equal protection violation where death row inmates were denied satellite television because that denial "is within the wide-ranging discretion granted to prison administrators and does not impinge the Inmate Plaintiffs' constitutional rights"); *Schloss v. Ashby*, 2011 WL 4804868, *4 (C.D. Ill. 2011) ("Humane treatment means the adequate provision of life's basic necessities, not luxuries such as gaming consoles and other electronic equipment."); *Belton v. Singer*, 2011 WL 2690595 (D.N.J.

July 8, 2011) (unpublished) (sexually violent predator civil detainees have no First or Fourteenth Amendment right to use memory sticks, flash drives, thumb drives, external drives, data storage devices, X-box Elite, Play Station 3, or Wii gaming system); *Hedgepeth v. Bartow*, 2010 WL 2990807 (W.D. Wis. July 27, 2010) (no First Amendment right to possess video games or game systems)). "Access to photos, messages, music, and electronic copies of documents are similar luxuries." *Drennon*, 2025 WL 1359870, at *7; *see also Fortman v. Richwine*, 2025 WL 619147, at *3 (N.D. Ill. 2025) ("In essence, what Fortman is demanding is unlimited access to a tablet, but that is not a constitutional right.").

Plaintiff has also failed to state a claim regarding court access. Plaintiff has not alleged that he was denied access to certain materials, but only that there is a waiting list to obtain a tablet. *See Lipscomb v. Global Tel Link*, 2024 WL 4403996, at *2 (7th Cir. 2024) (noting that the court could not tell whether plaintiff alleged an outright denial of access to religious materials or instead whether his complaint was that the tablet did not contain the materials he expected it to contain).

The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions."

*Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted). Any claim regarding a lack of court access is not plausible, considering that Plaintiff has filed fourteen cases in this Court since July 14, 2025.[1]

---

[1] *See* Case Nos. 25-3134; 25-3178; 25-3179; 25-3180; 25-3181; 25-3182; 25-3191; 25-3192; 25-3193; 25-3194; 25-3195; 25-3211; 25-3212; and 25-3213.

### 2. Relief Requested

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

### IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 6, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 7, 2025, in Kansas City, Kansas.**

                                              **S/ John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**