IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

        **Plaintiff,**

       v.                                       CASE NO. 25-3192-JWL

JEFF ZMUDA, et al.,

        **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until November 6, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC was mailed to Plaintiff at his address of record at LCF. The mail was returned, noting that Plaintiff refused delivery of the MOSC. (Doc. 7.) Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b). Fed. R. Civ. P. 77(d). Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

Plaintiff alleges that he is bringing a class action based on diversity of citizenship. (Doc. 1, at 1.) Plaintiff's claims are based on the lack of tablets for inmates at LCF. Plaintiff's purported

1

class consists of all current and former LCF inmates. *Id*. at 2. Plaintiff claims that the Kansas Department of Corrections ("KDOC") is required by regulation to provide tablets for all inmates, citing IMPP 10-142. *Id*. at 6. Plaintiff alleges that inmates entering LCF are put on a four-month waiting list to receive a tablet. *Id*. Plaintiff alleges that the tablets are the inmates' only chance to learn and rehabilitate. *Id*. Plaintiff names as defendants the KDOC and Jeff Zmuda, Secretary of Corrections. For relief, Plaintiff seeks "$150 per day." *Id*.

The Court found in the MOSC that Plaintiff did not indicate whether or not he has received a tablet, and it is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). The Court found that even if Plaintiff is on the waiting list and has not received a tablet, he has not established a constitutional right to a tablet. In *Bass v. Battle*, when the prisoner returned his tablet and sought a replacement tablet, he was told that he was on the waiting list and that there were no replacement devices available. *Bass v. Battle*, 2025 WL 1168896, at *1 (N.D. Ind. 2025). The plaintiff in *Bass* argued that he was entitled to a tablet "because he paid for one and pursuant to departmental policy that makes tablet devices available to all inmates." *Id*. The court held that a "violation of departmental policy alone is not sufficient to state a constitutional claim." *Id*. (citing *Felton v. Brown*, 129 F.4th 999, 1088 (7th Cir. 2025) ("Violations of state law, however, do not automatically establish a federal constitutional claim.")); *see also Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation).

In denying relief, the court in *Bass* stated that "[t]he court is unaware of any constitutional right to a tablet device." *Id*. Other courts have also found that "[i]tems such as radios, televisions,

2

and video games are luxuries and, as such, are not required by the Constitution." *Drennon v. Idaho Bd. of Corr.*, 2025 WL 1359870, at *7 (D. Idaho 2025) (citing *see, e.g., James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); *Murphy v. Walker*, 51 F.3d 714, 718, n. 8 (7th Cir. 1995) (per curiam) (same); *Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir. 1988) (same); *Montana v. Commissioners Court*, 659 F.2d 19, 23 (5th Cir. 1981) ("The claims relating to the usage of radio and television were properly dismissed as frivolous. These claims do not pertain to federal constitutional rights."); *Manley v. Fordice*, 945 F. Supp. 132, 136–37 (D. Miss. 1996) ("[T]here is simply no right to television while incarcerated . . . [S]uch items are *luxuries*, and any allowance of them in prisons is merely an altruistic act on the part of the Department of Corrections."); *see also Rawls v. Sundquist*, 929 F. Supp. 284, 291 (M.D. Tenn. 1996), *aff'd*, 113 F.3d 1235 (6th Cir. 1997) (no equal protection violation where death row inmates were denied satellite television because that denial "is within the wide-ranging discretion granted to prison administrators and does not impinge the Inmate Plaintiffs' constitutional rights"); *Schloss v. Ashby*, 2011 WL 4804868, *4 (C.D. Ill. 2011) ("Humane treatment means the adequate provision of life's basic necessities, not luxuries such as gaming consoles and other electronic equipment."); *Belton v. Singer*, 2011 WL 2690595 (D.N.J. July 8, 2011) (unpublished) (sexually violent predator civil detainees have no First or Fourteenth Amendment right to use memory sticks, flash drives, thumb drives, external drives, data storage devices, X-box Elite, Play Station 3, or Wii gaming system); *Hedgepeth v. Bartow*, 2010 WL 2990807 (W.D. Wis. July 27, 2010) (no First Amendment right to possess video games or game systems)). "Access to photos, messages, music, and electronic copies of documents are similar luxuries." *Drennon*, 2025 WL 1359870, at *7; *see also Fortman v. Richwine*, 2025 WL 619147,

at *3 (N.D. Ill. 2025) ("In essence, what Fortman is demanding is unlimited access to a tablet, but that is not a constitutional right.").

The Court found in the MOSC that Plaintiff has also failed to state a claim regarding court access. Plaintiff has not alleged that he was denied access to certain materials, but only that there is a waiting list to obtain a tablet. *See Lipscomb v. Global Tel Link*, 2024 WL 4403996, at *2 (7th Cir. 2024) (noting that the court could not tell whether plaintiff alleged an outright denial of access to religious materials or instead whether his complaint was that the tablet did not contain the materials he expected it to contain). The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). The Court found in the MOSC that any claim regarding a lack of court access is not plausible, considering that Plaintiff has filed fourteen cases in this Court since July 14, 2025.[1]

---

[1] *See* Case Nos. 25-3134; 25-3178; 25-3179; 25-3180; 25-3181; 25-3182; 25-3191; 25-3192; 25-3193; 25-3194; 25-3195; 25-3211; 25-3212; and 25-3213.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 5, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated November 7, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**